UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID E. HENDERSON                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:08CV-373-S

REV. WENDY WARNER                                                     DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Unrepresented by counsel, Plaintiff David E. Henderson filed a civil complaint (DN 1) and an amended complaint (DN 4).  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

**I.**

Plaintiff, who lives in El Paso, Texas, files suit against Rev. Wendy Warner at the U.S. Presbyterian Church National Headquarters in Louisville, Kentucky.  On the complaint form that he used to file his amended complaint, Plaintiff states, as grounds for filing this case in federal court, "Diversity of states - Parties" and "The Presbyterian Church (USA) would not accept me as an Inquirer for the Ministry, spread slander about me, and Expunged me."

Plaintiff begins his story in the late 1960's.  He alleges that following service in the U.S. Army at Fort Knox in 1968-69, he "entered the US Diplomatic Service.  During his eleven plus years of service Plaintiff had sensitive Positions as an Intelligence Officer and three overseas

postings."  He reports that in October 1980, he discovered sensitive government information, which he was discouraged from exposing.  Then,

> On August 22, 1988 Diplomatic Sec[ur]ity Investigator Larry Thies interviewed Plaintiff in San Diego California ostensibly to update Plaintiff's Top Secret Clearance for purposes of rehiring.  Thies' goal was actually to threaten Plaintiff from going public with the October Surprise story, which was now becoming public.  When Plaintiff did not agree to keep silent over his explosive story, Thies engaged in a program of terror against him to keep him silent.
>
> In June, 1990 Thies entered Plaintiff's Sunday Class at Hollywood Presbyterian Church in Los Angeles and spread slander that Plaintiff was a AIDS Carrier, International terrorist, Drug Smuggler, and child molester.  Thies had previously had a phone conversation with Sunday School Class President Laura Dunn who had eff[e]ctively destroyed Plaintiff's reputation in the Church community.  When Plaintiff objected to the Program of Defamation by Federal Agent Thies, Ms. Dunn stated, "they should have killed you when they had the chance!"
>
> Thies' campaign of slander caused Plaintiff Denial to become an Inquirer for the Presbyterian ministry before the Committee Ministry in 1990 or 1991.

Plaintiff reports that in 1992 he moved to Austin, Texas; entered Austin Presbyterian Theological seminary; and joined University Presbyterian Church.  Plaintiff contends that due to the defamation caused by Thies, Plaintiff's church membership was "'Expunged' from the Roles in May 1997 in a Procedure in violation of the Presbyterian Book of Order."

Plaintiff claims that for eighteen years he has been trying to "redress Grievances by the Church"; that he filed a formal complaint with the General Assembly Permanent Judicial Commission in Demonination Headquarters in Louisville in September 2007; and that on October 24, 2007, Defendant Rev. Warner "stated improperly that Plaintiff did not have 'standing' to file a complaint" with the Presbyterian Church (U.S.A.).

As relief, Plaintiff requests "100 million dollars damages, tripled for Punitive Damages for $300 million dollars, trebled by RICO for a total $900 million dollars damages."

2

## II.

Plaintiff invokes the jurisdiction of this Court based on diversity of citizenship.  He claims that the Presbyterian Church slandered him and improperly expunged him as a member. Plaintiff alleges that the slander, however, first occurred in California in June 1990 by Special Agent Thies, and not by Defendant Rev. Warner.  Thus, not only did Plaintiff file his action well after the applicable one-year statute of limitations, *see, e.g.,* CAL. CIV. PROC. CODE § 340(c) (providing that an action for libel or slander must be commenced within one year after accrual); KY. REV. STAT. ANN. § 413.140(1)(d) (mandating that an action for libel or slander shall commence within one year after the cause of action accrued), but he fails to allege any slander committed by the sole Defendant, Rev. Warner.

As to Plaintiff's claim of improper expunction by the church, he fails to demonstrate that this is a recognized cause of action in any jurisdiction, and the Court is aware of no such cause of action.

In the relief portion of his complaint, Plaintiff references "RICO."  The Court presumes that the *pro se* Plaintiff is referencing the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.  Plaintiff fails, however, to indicate which portion of this Act applies to his allegations, how his allegations fall under any portion of this Act, and what role Defendant Rev. Warner played in any racketeering enterprise as defined by that Act.  He has, therefore, failed to state any RICO claim.

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendant with "fair notice of the basis of [his] claims."  *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002).  A complaint must contain "'either direct or inferential allegations respecting all the

material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to state a claim upon which relief may be granted, the instant action must be dismissed.

The Court will enter a separate Order of dismissal.

Date: August 10, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
4411.005

4